Next case for argument is 15-3072 McCarthy v. MSPB. MSWordDoc Word.Document.8 Paula Dinnerstein, Public Employees for Environmental Responsibility or PEER. We represent the petitioner in this case, Robert McCarthy. There's really not very many issues left in dispute at this stage of this case. The Board has agreed that the Whistleblower Protection Enhancement Act, the WPEA, applies to cases like this one, which were pending on appeal when that law became effective. The Board agrees that its usual standards for reopening have been met in the sense that the motion... This is just a basic question. The law applies retroactively to all pending cases. This case was pending on rehearing when the law changed, correct? That's right. Did you come in here on rehearing and say, law's changed, you should take a look? And then I know you filed for cert the Supreme Court. Did you make that argument to the Supreme Court? No, we did not because... My question is, and then you can answer both parts. My question is, if you did not, then are you saying that you still have an opportunity to reopen it by a motion to reopen to the Board? Yes, and the reason is because when we were on rehearing before this Court and when we filed the cert petition, the Board had not yet decided the case of Day versus MSPB, which was the one that decided that there was retroactive application. And in previous cases, once the Board decides there's retroactive application, then you can come in and reopen and say, well, apply it to me. But at the time... You say in previous cases. Is there some case you can point to which establishes that that's how you do it? I don't have that at the moment. I can give it to you, but I believe we cited a case like that in our opening brief. And I will, you know, when I come back up, I'll cite that to you. But the point is that we had no way of knowing that we were eligible for reopening, that the new law did apply to Mr. McCarthy, until the Board made that decision. And it was a very hotly contested case, the Day case, as to whether there was retroactive application of this portion of the Whistleblower Protection Enhancement Act, Section 101, which has to do with how protected disclosures are defined. And so... And the Board subsequently decided that certain other portions of the WPEA were not retroactive. But when you say retroactive, if the statute is applied to pending cases, you are stretching that a bit, right? You're saying it applies to cases that are still open, and it applies to cases that are now closed, that were open at the time? Yes, and the Board does not disagree with that. The Board, you know, that's not one of the points in dispute. The Board agrees that the WPEA would apply to this case because it was pending on appeal at the time that the act became effective. Let me ask you now, what's the problem? I mean, at least as a fallback position, the government is saying, if we have jurisdiction to review what the Board did here, the answer is you go back to the OSC under the exhaustion principles. What's the problem with doing that? I mean, why are we spending several years here, or a year here, dealing with this as opposed to you're just doing what the government concedes you could do? Well, this case could be disposed of very quickly here because all you need to do is apply the WPEA to the complete record that's already been formed in this case. What they're asking... You're suggesting that we decide it completely on the merits, finally on the merits, without the MSPB having looked at it? Yes, I believe that you could because there has been... Well, maybe we can do a lot of things, but I mean, it's a big assumption that we would think that that's the prudent way to proceed. So what if we agree with the Board that you have to exhaust, that this is an allegation which is different than the one you pressed in the earlier case? Well, we would say that McCarthy did exhaust because the OSC procedure is a procedure that's meant to be friendly to people who are not lawyers. What the exhaustion requires is that you give them information. You give them information. What protected disclosures are you talking about? What are the adverse personnel actions that you think were taken in response to those disclosures? It's not... There's not a requirement to put the correct legal label on them. What McCarthy did here is he put those disclosures, the ones that were in his legal memo, before the OSC. And he said, hey, this was the reason I was fired. You took me aback. Pardon me? You took me aback when you said it's designed to be friendly to persons who are not lawyers. He is a lawyer. He is a lawyer. And because he's a lawyer, this is what the Board is trying to hold this against him. Because if he hadn't been a lawyer, he probably would have said that my disclosures in the legal memos are protected, but because he knew the case law and he knew the Huffman case... There is an exhaustion requirement for the OSC. Yes, there is. He was there the first time on the initial case. What he was alleging as the protected disclosure was the OIG stuff and not the legal memorandum. So why is it problematic? Why are you resisting saying... He did not put the label of protected on the disclosures, but the facts of those disclosures were before the OSC. They had the opportunity to conduct an investigation. They had the opportunity to possibly order relief, and that's what the exhaustion remedy is for. Right, but now that the law has changed, the case is different. If you ask him to go back to the very beginning and start at OSC again, there's nothing new to investigate. There's no new facts. Everything has been found. Everything has been litigated. All that needs to be done is apply the new law. Sorry. Stop. Why is it not new? The OSC investigates, and it reaches some conclusions about whether there's a violation. The first time this case was there, the allegation was the OIG memos were protected disclosures, and they concluded no violation on that basis. It's a different case now because the law is different. Now he's alleging the legal memorandum were protected disclosures. It's a different case. So why wouldn't the exhaustion requirement come into play again? And why shouldn't we allow them to take a look at what seems to me a much stronger argument because of the specific written comments by Commissioner Ruth? Because the OSC had all the same facts before then. But it had different law. That's right. But this court can apply that different law just as well as going back, starting all over, possibly having a couple years of litigation before we get back here again. But you haven't exhausted your remedies. He exhausted the remedy by going to OSC. He placed those same disclosures before OSC. He did a supplemental submission where he even went at length as to why the disclosures in those submissions met the requirements of being the kind of disclosures that are covered by the Whistleblower Protection Act. He explained all that. The only thing he didn't do is put a legal label on it saying those are protected, and that's not something that's required. OSC doesn't require the correct legal label. I don't think you're understanding what Judge Wallach and I are getting at, which is that whether or not he put a legal label on, the law at the time would have said that the only reasonable allegation you can have here with respect to what the protected disclosure is would have been the OIG. That's the law that the OSC had, so that was the allegation. They would not have investigated a case involving or answered a question dealing with the legal memorandum being protected because that was not the law. Clearly, how can you be saying that the case that was before them originally, that exhaustion applies here when we're dealing with different legal articles? What would have happened if McCarthy had put those legal memorandum before them and claimed they were protected? They would have said, no, they're not under existing law, and McCarthy would have been eligible to have his case reopened because then he would have exhausted his administrative remedies. It seems like an anomalous result that because he was an attorney and he knew the law and he simply didn't put that label on it, unlike other litigants, and there are real litigants who we have cited like the Nasuti case, where the person alleged falsely that something was protected and they got to get their case reopened because they weren't conscientious like Mr. McCarthy and looked at the law and didn't try to allege something that wasn't true under existing law. We're not saying you're not going to have your case reopened. We're saying that in the first instance, they should get a shot at it. But, for instance, in the Nasuti case, they didn't have to go back to OSC. Well, that's because the allegation was there, right? The allegation was there and it was wrong. So Mr. McCarthy is being punished for being right on the law. Well, you're not being punished. It's not that much of an anomaly. If Congress passes a new cause of action, then more often than not, it's not an anomaly that someone would not have alleged that before the legal change. It doesn't strike me as being that unusual. The general concept of courts of appeals is that the bodies below have an opportunity to fully develop both the law and the facts for our review and they haven't had an opportunity to review what strikes me as pretty solid stuff when Ruth fires the guy for writing these memos that say he's violating the law. Right. So what we would say is that the OSC is not like a court. You don't have to make allegations of law in a complaint. You're just supposed to bring them information and they investigate it. McCarthy did that. They investigated. There's no new information. There's nothing new for them to investigate. And you're asking them to go back and start... Sure there is. It's a new case. It's a different issue. They're not investigating now whether the motivation to fire him was based on disclosures to the OIG. They're investigating whether or not it was based on the disclosures, the legal memorandum. That's not right. They would be investigating an entirely different question this time around. The problem with that is that the board and this court have already decided based on a fully developed record that Mr. McCarthy was fired because of disclosures that are now protected. The board listened to Mr. Ruth's testimony and gave it credit and this court also gave it credit that he fired Mr. McCarthy based on his legal memorandum. So that factual finding has already been made. There's no reason to go back and start all over again at OSC. This court has already decided that all that needs to be done now is to apply the new law to what's already been found in this litigation. Why don't we hear from the government? You're in charge of that. Let me please the court. I think the exhaustion issue is an issue that the court can use to get rid of this case. If we don't get rid of cases, we decide the case. I apologize. We decide the case. The new disclosure would be to a different person, the alleged wrongdoer, at an earlier date which gets rid of the time problem from the previous case. It's technically a different disclosure. There's no label issue. It's just a different case as the court has pointed out. I can address the last argument that the petitioner made that the record is set and that this case is ready for decision. Why don't you address that? Clearly it's not because the record was made on a completely different claim. It may well be that the agency can establish, for instance, that the legal memoranda were flawed. Perhaps the head of the agency was correct in the petitioner because the underlying legal memoranda were not good. He didn't say it was flawed. He said you failed to support me by challenging the legality of what I'm doing. Apparently he has a different view of what they were doing, whether it was illegal or not. Let me quote it. Failure to support me in a constructive and collegial manner as evidenced in your memoranda. He didn't say accurate or legally accurate. He said you're not playing ball here. I submit that the agency can submit evidence saying that these legal memoranda were inaccurate. They can do whatever is relevant. As you noted, it's a different case and presumably a much stronger case. The other issues are whether the clerk's letter qualifies as a final order. I argued in my brief that Haynes is applicable here. I think the legal analysis in Haynes applies. I know it's factually distinguishable in that case there were multiple requests. They were completely non-substantive. I don't know. The board may get 14,000 requests to reopen. They may get a request to reopen every day from some of the litigants who have lost below. They just blankly say, I reopened my case. You got it wrong. That's far different. Firstly, it's a motion by someone arguing that there's been a change in the law that affects the disposition of my case. It's day and night. Let me add in, and it's dispositive. I'm sorry? It's dispositive. It's dispositive as alleged, but when you look at it, there's no jurisdiction. In that regard, it's very similar to Haynes in that there's really nothing there once you take a look at it. I do think that the legal reasoning in Haynes applies and that distinguishing it doesn't... I understand that there's really nothing there. I thought your backup argument is if you decided we should construe the board, having analyzed this and decided that we're not going to reopen because it's not exhausted. That's not nothing. That's analyzing it and giving a rationale. I guess I was trying to distinguish between the claim of a change in law. It certainly sounds like an important issue that needs to be addressed, but when you look at it, it's a change of law, but there's this exhaustion issue that makes the issue not within the board's jurisdiction. Right, but it's hardly nothing. It's hardly the kind of Haynes-like, just completely baseless charges of you got it wrong, let's reopen. Let's put it this way. It's not pro forma. I would agree, Your Honor. It's not pro forma, but I think once you look at it, you see that the petitioner is raising a matter over which the board does not have jurisdiction in a motion to reopen. That's not what a motion to reopen should be. You can't bring in a new matter in a motion to reopen. Okay, well, they could have said that. If they had said that, if they had analyzed this and said yes, there's a change in law, but we can't do it because there's this exhaustion requirement, would you still be maintaining that we can't review that analysis? I would, Your Honor. I think under 7701, the board has complete discretion whether to reopen a case or not, and that is not reviewable. I make the argument about 7701. Well, what if he had had an allegation in the first instance? He made two allegations. One was there was a protected disclosure in the inspector general disclosures, and two, there was a protected disclosure in the legal memorandum. And the board had said in the first instance, no, no, no, that's not the law, correctly. The law doesn't require, so that's the way they disposed of the second one. And then he comes back now and he says, you said the reason I lose on the first, this one, is because the law does not compel it. But now there's been a change in the law, which everybody recognizes. Would the board not reopen under those circumstances? I think the board would reopen under those circumstances. But I also think if the board didn't, that the board has started to reopen on its own motion. You have an abuse of discretion argument? Nothing completely unreviewable. So the board could say, even if he were absolutely positively correct, and it would be arguably cases positive. I agree with you that we don't know how that case is going to turn, but it's a different case and it's a stronger case than the one he had earlier. You think he couldn't get review? Yes, Your Honor. I think 7701 gives the board authority to reopen and reconsider a case on its own motion. Right, but it doesn't say and it doesn't deal with the circumstance where somebody comes in with a completely non-frivolous, non-pro forma motion to reopen. It doesn't say they can dispose of those and it's completely unreviewable. But it doesn't say that the board's decision on its own motion is reviewable. Is it the assumption that we get to review what the board and everybody else under us get to do it in the absence of clear and unmistakable language by Congress that says this is unreviewable, it's unappealable, complete and sole unreviewable discretion by the MSPB? Don't we get to review that stuff without them saying it? For instance, the board does not review petitions for review on its own motion. It's required to issue a decision on those issues, on those types of cases. But here it's a motion to reopen committed to the board to reopen on its own motion. Yeah, but we're not dealing with that circumstances. We're dealing with circumstances where it's not the board hasn't here decided should we reopen or should we not reopen. There's a motion pending before them. Supposing the board, the clerk, sent a letter saying, we don't like your gender, so we're not going to do it. We can't review that? Well, Your Honor, I think if a letter like that went out, it would pretty quickly be recalled by the board and dealt with. However, I still maintain... But they did. This is hypothetical. Yes, sure. You can't review that? Yes, Your Honor, you cannot review that. You're way past your argument. You're outside of the bounds. The panel has no additional questions. Are you familiar with the case called, it's a 2010 Supreme Court case, I don't know how to pronounce it, Kucana versus Holder? It dealt with BIA decisions. I remember a couple of BIA cases that I did read, Your Honor. In that case, you can tell me if you disagree, but my understanding of that case is the Supreme Court said BIA decisions on motions to reopen are reviewable, but sua sponte decisions are not reviewable. So it drew a distinction between the sua sponte and the motions. Why shouldn't that principle apply here? Well, Your Honor, my argument is based on 7701, the specific language that grants the board authority to reopen on its own motion. Are you familiar with the case and what authority the BIA had? Your Honor, I'm not prepared to speak to it. I apologize. Thank you. Thank you. Your Honor, I'd like to speak to his first point, that there would be different things to review and that the agency and the board could have different evidence if this case were brought anew with the disclosures in the legal memoranda. And I'd like to say that that actually is not the case. The legal memoranda were not only put before the OSC, but this court and the board considered them because Mr. McCarthy argued that he couldn't be fired based on disclosures which then later became protected, and this court ruled on that. So those memos have been in this litigation all along, and as I said before, the board and this court ruled that McCarthy was fired based on what are now protected disclosures. The only remaining issues would be, one, are those particular disclosures in the legal memoranda protected? This court can decide that on the record. We cited a case in our brief, Drake v. Agency for International Development, where the court said, well, based on the record before us, we can decide that that's protected, regardless of the fact that it wasn't decided below. The remaining issues are, were the legal memos a contributing factor to the decision to fire, and can the board prove by clear and convincing evidence that it would have fired McCarthy without the legal memos? Both of those, it's a logical impossibility to decide them any other way than in favor of Mr. McCarthy, because the firing was explicitly predicated on those legal memoranda, not only in the letter that dismissed Mr. McCarthy, but in Mr. Ruth's testimony, in the board's decision, and in this court's decision. All of them decided that he was fired based on those legal memoranda, so there really is no reason to go back and start over. Isn't it hypothetically, is it not conceivable? I mean, you act like this is a two-step, and maybe it is and maybe it isn't, but a case could hypothetically be much more complicated, right? Because even if someone does legal memorandum, and they reflect or they include inappropriate suggestions, they disclose confidential information. They were done on work time, and they really didn't implicate any work. There are circumstances in which a discharge based on either the content or the existence of the legal memorandum would be justified, notwithstanding that globally you called them protected disclosures. Isn't that the case, at least hypothetically? Yes, in that hypothetical it is the case, but in this case it is not, because Commissioner Ruth has already testified, the record has already been created. He didn't claim any of those things. What he claimed was that the memos were contentious, divisive, and incorrect, and this court in the Greenspan decision said that that's not enough to take something out of protected disclosures. I mean, imagine what a huge loophole that would be in the whistleblower law if somebody received a protected disclosure and could say, I don't agree with that, I don't think it's correct, and I think you're being contentious and divisive, and therefore it's not protected. That won't work. Those other things were not claimed, and we can't have Mr. Ruth come back and then try to change his testimony and try to change the reasoning as to why he really fired McCarthy to try to fit the new law. That would not be acceptable, it would not be credible. Ms. Dinnerstein, you were going to give us a citation to authority. Yeah, I was trying to find a case, there is a case, and I'm sorry I haven't found it yet, in which the board, because of an intervening decision, and it is in my brief, I'm sorry, because of an intervening decision which then decided that a particular law was retroactive, they decided that then a case could be reopened. You really ought to note the name of your citation. Okay, I'm sorry about that. And I will get it, I will, I'll submit it to you if you like, but... The point is that McCarthy didn't have to, he didn't have to push the envelope to say it's retroactive. The board did that, and then he came back. Thank you. Thank you. Thank both counsel and the cases submitted.